[Civ. No. 23439. Second Dist., Div. Two. Feb. 25, 1959.]

GRACE SCHWARTZ, Appellant, v. MAGYAR HOUSE,
INC. (a Corporation) et al., Defendants; MAGYAR
ATHLETIC CLUB (a Corporation) et al., Respondents.

Belle Silverman, Judith B. Aaronson and A. Marburg Yerkes for Appellant.

Hunter & Liljestrom, Roger L. Liljestrom, Jr., Gizella L. Allen and Warren M. Goodwin for Respondents.

FOX, P. J.—Plaintiff appeals from a judgment entered in favor of defendants, Magyar Athletic Club, and American-Hungarian Pioneer Families of California, in her action to recover damages for personal injuries.

In June, 1955, plaintiff filed her action against Magyar Athletic Club and Magyar House, Inc.[1] A copy of the complaint and summons was served upon American-Hungarian Pioneer Families as a "Doe I" defendant. Said complaint did not allege the corporate status of this defendant. Magyar House, Inc., did not appear, and a default judgment was entered as to this defendant. Magyar Athletic Club filed an answer in July, 1955, denying that it was a corporation. The answer filed by American-Hungarian Families in July, 1956, did not make any reference to its status. A pretrial conference order was filed on June 21, 1957, which stated the corporate status of the defendants was in issue, but no determination of

---

[1]Magyar House, Inc., is not involved in this appeal.

this question was made at that time. The case was set for trial on June 28, 1957, but upon defendants' motion was continued until July 22, 1957. At that time a jury was sworn to try the cause. Thereafter, plaintiff moved the court "for judgment on the grounds that the defendants are barred by law from defending the lawsuit." The trial was continued to the next day and ruling on plaintiff's motion was continued to the same date. At that time, plaintiff renewed her motion and offered documents to establish that the powers, rights and privileges of American-Hungarian Families were suspended on January 25, 1955, and those of Magyar Athletic Club suspended on February 16, 1955, for the failure to pay state franchise taxes. After the motion was argued, the defendants moved for a continuance and that the action be transferred back to Department I for further proceedings. The defendants' motion for transfer to Department I was granted, and all other matters continued to July 24, 1957. On that date the motions were ordered transferred back to Department 12, and plaintiff again renewed her motion to preclude defendants from defending, and defendants again moved for a continuance for the purpose of reviving the corporations. Defendants' motion was granted and the trial continued until August 5, 1957. Plaintiff's motion was continued to that date for further hearing and ruling. An affidavit was filed on July 24, 1957, in support of defendants' motion for a continuance, stating: "That both of said corporations are exempt from taxation imposed by the Bank and Corporation Franchise Tax Law, except as specifically provided in Section 23731-b of the Revenue and Taxation Code. That neither has had sufficient income to subject it to ('Article 2' net income) taxation under Section 23731-b of the Revenue and Taxation Code. That Section 23705 of the Revenue and Taxation Code was added by Statutes 1953, Chapter 1503, Section 2, which provide that any organization claiming to be exempt from franchise tax shall annually on or before March 15th of each year file a statement establishing its right to the exemption by executing a declaration that the organization making the statement does not advocate the overthrow of the government of the United States or the State of California by force or violence or other unlawful means or advocate the support of a foreign government against the United States in the event of hostilities. If such a declaration is not made the corporation shall not receive the exemption allowed under the Revenue and Taxation Code to such corporations.

"The officers of both of said corporations are laymen who

volunteer their services to said corporations, which corporations are organized for charitable and educational purposes and do not have any capital stock. That the officers of said corporation were unaware of the fact that it was necessary for them under said enactment in 1953 to file on or before the 15th day of March, an annual statement which if they had filed would have exempted them from the payment of any franchise tax. That due to said failure to file said annual statement now required by Section 23705 of the Revenue and Taxation Code, said corporations were suspended. That neither the officers or directors of either of said corporations knew of said suspension, nor were the attorneys for said corporations aware of said suspension.

"That, upon being advised that a suspension was in effect against both corporations, the officers of each of said corporations did execute an Application for a Certificate of Revivor and forwarded the same to the Franchise Tax Board with the statement required by Section 23705 of the Revenue and Taxation Code and the necessary amount to revive said corporations. That affiant has been informed by an employee of the Franchise Tax Board of the State of California, in Sacramento, to wit, a Mr. Eastman, that it is in order for said corporations to file a claim for refund of the moneys requested by the state to revive said corporations, who waived their exemption by failure to file a 'loyalty declaration.'

"Affiant is informed and believes and therefore alleges that the constitutionality of the Act requiring an exempt corporation to file a loyalty declaration as a condition precedent to its exemption from franchise tax has been questioned and an action involving said question is now pending. That upon the receipt by the Franchise Tax Board of the Application for Certificate of Revivor the statement required by Section 23705 of the Revenue and Taxation Code executed by the corporations, and the amount of franchise tax now payable to remove the suspension of the exemption of said corporations, said corporations will be revived."

The defendants received their certificate of revivor from the State Franchise Tax Board on July 26, 1957. On August 1, 1957, defendants' notice of motion to file amended answers, their amended answers and affidavits in support of the motion were filed. In substance, the affidavit in behalf of the American-Hungarian Pioneer Families stated that it was served with a copy of the complaint and summons on May 23, 1956, and that the complaint contained no allegation as to whether this

defendant was a corporation, and the answer to the complaint made no allegation as to the corporate entity; in the pretrial conference order there was no determination as to whether this defendant was or was not a corporation. The affidavit in support of Magyar's motion stated that in its original answer it denied it was a corporation; that no determination was made as to this question in the pretrial, and that this defendant is presently a corporation. Both affidavits contained the following:

"The above entitled matter was set for trial on July 22, 1957, and after the jury had been selected, the plaintiff moved that the defendants be barred from setting forth a defense on the ground that each of said defendants was a corporation whose rights had been suspended and that said corporations had no right to appear in the proceedings to defend in the action. That counsel for both defendants made a motion for continuance on the basis among others, that said motion was made without notice and was a complete surprise. That on July 24, 1957, the trial judge continued the matter until August 5, 1957, at 10:00 a.m. That on July 24, 1957, the American-Hungarian Pioneer Families of California [the Magyar Athleta Club] forwarded to the Franchise Tax Board, at Sacramento, the following documents: (1) An application for Certificate of Revivor on behalf of said corporation executed by the directors thereof; (2) annual statement required to be executed by corporations under Section 23705 of the Revenue and Taxation Code; (3) certified check in the sum of $136.00 which represented the amount of franchise tax due at the time; (4) claim for refund of said $136.00 which claim for refund is designated as to be filed by those corporations who waived their exemption by failing to file a loyalty declaration as required by Section 23705 of the Revenue and Taxation Code.

"That said defendant corporation was revived on July 26, 1957, and the corporate powers, rights and privileges of said corporation were revived as of that date and were restored to full force and effect.

"WHEREFORE, said defendant corporation prays for leave to file an amended answer alleging that it is a corporation in good standing."

On August 5, 1957, the court, after argument, denied plaintiff's motion to preclude defendants from defending the action and granted defendants' motion for leave to amend their answers.

The case was reset for trial on September 20th, and continued until October 17, 1957, by stipulation, and thereafter continued until February 24, 1958, on plaintiff's motion. At that time plaintiff objected to proceeding with trial because defendants' answers were not verified. The objection was overruled and defendants given until 10 a. m. the following day to verify their answers. The action was tried and judgment ordered for defendants on February 25, 1958. On February 28, 1958, the court amended its minute order of February 24th to read as follows: ''Plaintiff's objection to proceeding with trial on the ground that defendants were suspended corporations at the time plaintiff made her original objection after commencement of trial, and that the revival of the defendant corporations subsequent to the original objection of plaintiff did not have a retroactive effect which would give the defendants a right to defend this action, is overruled.''

Plaintiff's position is that as defendants' powers, rights and privileges were suspended for the failure to pay franchise taxes pursuant to sections 23301, 23302, and 23303, Revenue and Taxation Code, they had no standing to defend or to participate in any law suit, and the court therefore erred in granting the motions to continue the action, and plaintiff's motion for judgment should have been granted as the defendants' pleadings should have been stricken from the records and plaintiff allowed to take judgment by default. Furthermore, argues plaintiff, her ''right'' to a default judgment was an ''accrued right,'' and the revival of defendants' powers, rights and privileges could not have retroactive effect so as to prejudice this ''accrued right'' to obtain a default judgment. In support of this latter point, plaintiff quotes from section 23305a, which section along with section 23305 provides for reinstatement after payment of delinquent taxes, penalties and interest, as follows: ''. . . the taxpayer therein named shall become reinstated but such reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension. . . .'' Plaintiff does not raise any question relative to the sufficiency of the evidence or any matter pertaining to the judgment on the merits.

This appeal essentially presents a single question for determination, and that is: May a defendant corporation which, pursuant to section 23301, is not permitted to defend an action, make a motion for a continuance so that it may be

reinstated pursuant to section 23305, and thereafter participate in the trial? We are of the opinion that this must be answered in the affirmative.

 While it is true that during the period a corporation's powers, rights and privileges are suspended or forfeited, it may not sue or defend an action (*Reed* v. *Norman,* 48 Cal.2d 338, 343 [309 P.2d 809]; *Boyle* v. *Lakeview Creamery Co.,* 9 Cal.2d 16, 18-20 [68 P.2d 968]; *Alhambra-Shumway Mines, Inc.* v. *Alhambra Gold Mine Corp.,* 155 Cal.App.2d 46, 49-51 [317 P.2d 649]; *Ocean Park etc. Co.* v. *Pacific Auto Park Co.,* 37 Cal.App.2d 158, 159-160 [98 P.2d 1068]), it does not necessarily follow that the Legislature intended to preclude a trial court from recognizing the corporation for limited purposes.

 In the instant case, the plaintiff, on July 22, 1957, over two years from the filing of her original complaint, first raised the question of the corporations' capacity to defend. On July 24, the defendants' motion to continue the trial for approximately two weeks was entertained and granted by the trial court. At this time, the trial court had an affidavit before it explaining why the franchise taxes were not paid and that proceedings had already been instituted to revive the corporations' powers, rights and privileges. Recognizing the corporation for the limited purpose of permitting it to inform the court of facts which, in reason and justice, would warrant the court in continuing the action for a limited period, is neither violative of the letter nor spirit of section 23301. That section has been interpreted to mean the suspended corporation cannot defend until it is reinstated. There is nothing express or implied in that section which would prohibit such a corporation from seeking a continuance for the limited purpose of paying delinquent taxes. (See *Reed* v. *Norman, supra,* p. 344.) Such a motion would not constitute a defense or actual participation upon the merits of the action. To construe this section to prohibit participation for the sole purpose of making such a motion would tend to defeat the very purpose for which it was enacted, viz., to enforce the payment of these taxes. (See *Sale* v. *Railroad Commission,* 15 Cal.2d 612, 617 [104 P.2d 38]; *Boyle* v. *Lakeview Creamery Co., supra.*)

 In passing on the motion for a continuance, which rests to a great extent in the sound discretion of the trial court (*Vallera* v. *Vallera,* 73 Cal.App.2d 466, 471 [166 P.2d 893]; *Capital National Bank* v. *Smith,* 62 Cal.App.2d 328,

339 [144 P.2d 665] ), the trial judge may inquire into the merits of the defense, pass on any questions presented as to any possible prejudice to either of the parties which would result from granting or denying the motion, and determine whether there is good cause therefor. (Rules for the Superior Courts, rule 11.)

■ Even assuming that it would have been improper for the defendants to make any motion whatever, it would, nevertheless, have been permissible for the trial court to grant a continuance on its own motion, and section 23301 does not prohibit the corporation from merely informing the court of reasons why the court should so act. Upon the court's being advised by the affidavit of the facts and circumstances leading up to the suspension of the defendant corporations, the declared purposes and objects of the corporations, and being informed that application had already been made for reinstatement of the corporations' powers, rights and privileges, and that the state was not being deprived of any franchise tax, the court was justified, in the interest of justice, in granting upon its own motion a continuance for approximately two weeks to enable the revival proceedings to be consummated. In light of this situation it was not an abuse of discretion for the court to delay ruling on plaintiff's motion for this brief period. Therefore, it was proper for the court to grant defendants' motion to file amended answers on August 5, 1957, for they were at that time fully reinstated. By this procedure the court was enabled to pass upon the merits of plaintiff's alleged cause of action and render judgment accordingly, rather than deprive defendant of a meritorious defense upon purely technical grounds, which would not, in the instant situation, advance the underlying fiscal policy of the tax involved.

Plaintiff places considerable reliance on the *Alhambra Gold Mine Corporation* case, *supra,* in support of her position that a suspended corporation may not defend or participate in any litigation. That case, however, is clearly distinguishable from the one at bar. In the Alhambra case, an action was commenced against a suspended corporation. Plaintiff, on the last day of trial, made a motion to strike all the pleadings and evidence tendered by the corporation and to enter a default on the ground that the corporation could not defend as its powers, rights and privileges had been and were at that time suspended. This motion was denied and the case taken under submission. Judgment was thereafter entered in favor of the

corporation, while its powers were suspended. It was over two months after the entry of judgment before the corporation was revived. On appeal, the judgment was reversed, the court holding that as the corporation was not revived prior to entry of judgment it had no capacity to defend. In the instant case, in contrast, the corporations were fully revived before the trial; they were in the process of reinstatement when the continuance was granted at which time the court had before it affidavits explaining why the taxes had not theretofore been paid; and the corporations were fully restored prior to the time their amended answers were filed. In view of the completely different factual situations presented by the two cases, the Alhambra decision is not authority for plaintiff's position.

■ Plaintiff's argument that once she was in a position to file a default judgment against the defendants, some "right" had accrued or vested in her and that such a "right" could not be prejudiced by the subsequent reinstatement of the corporations, is untenable. While it is true that section 23305a does provide that the reinstatement "shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension. . . .," we are of the view that the taking of a default judgment by virtue of the fact that defendant may not defend is not a "right" within the contemplation of the above provision. Although no reported case has, as yet, construed the language quoted above, it would appear to have application, for instance, to a situation where a contract made by the corporation is voidable because entered into while the corporation's powers, rights and privileges were suspended (Rev. & Tax. Code, § 23304), and the fact of reinstatement does not deprive the other party of the right to avoid the contract.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied March 23, 1959, and appellant's petition for a hearing by the Supreme Court was denied April 22, 1959.