[Civ. No. 22454.   First Dist., Div. Two.   May 8, 1967.]

MARIA GARCIA, Plaintiff and Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

Boccardo, Blum, Lull, Niland, Teerlink & Bell and Edward J. Niland for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Edmund A. Bacigalupi, Deputy City Attorney, for Defendant and Respondent.

SHOEMAKER, P. J.—This is an appeal by plaintiff from orders (1) denying her application for leave to file a late claim against defendant City and County of San Francisco, and (2) denying her motion to set aside the prior order.

Plaintiff was injured on May 16, 1963, while riding as a passenger on a bus owned and operated by the city; by letter of May 22, 1963, her attorneys notified the city of her accident and were thereafter informed, by letter of June 10, 1963, that the matter was under investigation but that at this early date no decision had been made relative to compromise of the claim. Plaintiff thereafter changed her place of residence without informing her attorneys and did not communicate with them again until after the time for presentation of her claim had expired; although her attorneys had sent her a claim form and requested that she sign it, they had received no response due to plaintiff's change of address. On February 21, 1964, plaintiff presented to the board of supervisors her

application, under section 911.4 of the Government Code, for leave to file a late claim against the city; on March 31, 1964, she was advised that said application had been rejected on March 17, 1964.

On April 29, 1964, plaintiff filed her application for leave to file a late claim against the City and County of San Francisco, pursuant to section 912 of the Government Code. The pertinent part of section 912 reads as follows: '' (b) The superior court shall grant leave to present a claim after the expiration of the time specified in Section 911.2 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed one year after the accrual of the cause of action and was denied or deemed denied pursuant to Section 911.6 and that: (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity against which the claim is made establishes that it would be prejudiced if leave to present the claim were granted; . . .''

The city opposed the granting of the application on several grounds: (1) that since plaintiff's cause of action accrued on May 16, 1963, and sections 911.4 and 912 of the Government Code did not become effective until September 1963, her application for leave to file a late claim was not governed by those sections but by former section 716 of the Government Code, which did not authorize the granting of such relief on the grounds of mistake, inadvertence or excusable neglect; (2) that even if section 912 of the Government Code could be deemed applicable to plaintiff, her claim was barred because she did not comply with subdivision (c) of that section and failed to file her petition within 20 days after the city denied her application for leave to file a late claim; and (3) that plaintiff had failed to allege facts demonstrating mistake, ignorance, inadvertence or excusable neglect.

On May 29, 1964, the application was denied.

On July 13, 1964, plaintiff, proceeding under section 473 of the Code of Civil Procedure, moved for an order vacating and setting aside the order of May 29, 1964, on the grounds that it was taken against her through mistake, inadvertence, surprise or excusable neglect. The motion was supported by the declaration of one of plaintiff's attorneys averring that at the time of the hearing on the petition, there were no decisions construing section 912 of the Government Code; that after the denial of the petition, section 912 was interpreted by a Cali-

fornia appellate court in a manner extremely favorable to plaintiff.

The city opposed the motion on the same grounds previously raised, and on July 22, 1964, the motion was denied. On August 19, 1964, plaintiff filed notice of appeal from the orders of May 29 and July 22, 1964.

Before proceeding to the merits of this appeal, it is necessary to discuss the city's contentions that (1) the dismissal is required because plaintiff's appeal from the order of May 29, 1964 was untimely, and (2) that the subsequent order of July 22, 1964 is nonappealable.

The city's first contention is based upon rule 2 of the California Rules of Court, as it read prior to the 1965 amendment. Rule 2 then required that the notice of appeal be filed within 60 days after filing of the order appealed from. Although plaintiff clearly did not comply with this requirement, the 60-day period prescribed by rule 2 is subject to extension under rule 3, and that rule, in its pre-1965 form, provided that where a valid notice of intention to move to vacate a judgment is served and filed within 60 days after entry of judgment, the time for filing notice of appeal from the judgment[1] is extended until 30 days after entry of the order denying the motion to vacate. Plaintiff's notice of appeal from the order of May 29, 1964 was obviously filed within the time required.

The second contention is without merit, for the order of July 22, 1964 denied a statutory motion to vacate made under Code of Civil Procedure, section 473, and is thus separately appealable. (3 Witkin, Cal. Procedure (1954) Appeal, § 26, p. 2172.)

Turning now to the merits of the appeal, the city has renewed its contention that plaintiff's application for leave to file a late claim was governed by section 716 rather than sections 911.4 and 912 of the Government Code. This contention is untenable and was rejected in the recent case of *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753].

However, the city is correct in its contention that the orders appealed from must be upheld for plaintiff's failure to comply with subdivision (c) of section 912 of the Government Code and for her failure to show that the delay in filing the

[1]The word ''judgment,'' as used in rule 3, also includes any ''order'' from which an appeal lies. (*Verdier* v. *Verdier* (1962) 203 Cal.App.2d 724, 732 [22 Cal.Rptr. 93].)

claim was due to mistake, inadvertence, surprise or excusable neglect.

Subdivision (c) of section 912 provides in pertinent part that "Application to the superior court for leave to present a claim under this section must be made by a petition showing (1) that application was made to the board under Section 911.4 and was denied or deemed denied and (2) the reason for the failure to present the claim. A copy of the proposed claim shall be attached to the petition. The petition shall be filed within 20 days after the application to the board is denied or deemed denied."

Plaintiff's application was presented to the board of supervisors on February 21, 1964, and was denied on March 17, 1964. Plaintiff was advised of such denial on March 31, 1964. Since the instant action was not commenced until April 29, 1964, it is apparent that plaintiff's petition was not filed within the time required under section 912, subdivision (c), even if the 20-day period could be deemed to run from the time when she was notified of the denial.

Plaintiff also failed to make a sufficient showing of any grounds which would justify the granting of her petition and merely alleged that after conferring with her attorneys, who presumably advised her of her rights, she moved, leaving no forwarding address, and failed to communicate with her attorneys until after the time for presenting her claim had expired.

In *Tammen* v. *County of San Diego, supra,* at pages 475-476, the court stated, "The showing required as to mistake, inadvertence, etc. under section 912, subdivision (b) (1), is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. (See Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar) § 8.29, pp. 388-389; n. 4, p. 711.) . . . Excusable neglect is 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' (*Alderman* v. *Jacobs,* 128 Cal.App.2d 273, 276 [274 P.2d 930] [5].)"

The orders of the trial court were clearly proper.

Orders affirmed.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied June 7, 1967, and appellant's petition for a hearing by the Supreme Court was denied July 5, 1967.