[Civ. No. 1085.   Fifth Dist.   May 28, 1969.]

PAUL DUNCAN et al., Plaintiffs and Respondents, v. SUN-
SET AGRICULTURAL MINERALS, Defendant and
Appellant.

Merle H. Jenkins for Defendant and Appellant.

Rex R. Mull for Plaintiffs and Respondents.

STONE, J. — Defendant corporation appeals from an adverse judgment in an action to quiet title to a 20-acre mining claim in Kern County which it acquired by assignment in 1963. Although defendant filed the required proofs of annual assessment work on the claim from date of acquisition through 1967, plaintiffs recorded a notice of location covering the same claim on September 30, 1966. They commenced this quiet title action May 3, 1967, and the trial began February 23, 1968.

During the trial plaintiffs introduced in evidence a certificate by the Secretary of State showing that defendant's corporate powers were suspended on January 3, 1966, for failure to pay franchise taxes. Defendant did not move for a continuance, but informed the court that proceedings were pending to obtain a reinstatement. It is significant that the trial court did not then rule on the question whether the suspension barred defendant from defending the action, but reserved a ruling and proceeded to take testimony and receive documentary evidence on all issues. After the trial was completed, the court granted time for the filing of points and authorities by counsel, and took the case under advisement.

On April 9, 1968, defendant noticed a motion for leave to file an amended answer, accompanied by an affidavit to which

was attached a Certificate of Revivor issued by the Franchise Tax Board on March 21, 1968. Before ruling on the motion, the trial court entered a minute order April 22, which reads as follows:

"Heretofore submitted; now, it is by the Court ORDERED that judgment is granted plaintiff, based on the ground that because of the suspension of the defendant's corporate powers for failure to pay its franchise tax, it has no standing in court to defend the action.

"Counsel for the plaintiff to prepare the judgment."

On May 10, 1968, the motion to file an amended answer pursuant to the certificate of revivor was denied. On June 17, findings of fact and conclusions of law were filed. Among other things, the court found that the corporate powers, rights and privileges of defendant were suspended on January 3, 1965, and had not been restored on February 23, 1968, the date of trial. Defendant moved for an order vacating the judgment, which was denied, and this appeal followed.

■ Before getting to the merits of the judgment and appeal, we are met by plaintiffs' contention that the appeal was not timely. The thrust of the argument is that defendant's motion to vacate the judgment was void since it was made pursuant to Code of Civil Procedure section 473, rather than Code of Civil Procedure section 663, and a void motion cannot extend the time to appeal. Since rule 3(b) of the California Rules of Court provides that any valid notice of intention to move to vacate a judgment on any ground will extend the time for taking an appeal, the question is whether a motion to set aside a judgment on the merits can be made pursuant to section 473 of the Code of Civil Procedure, or whether, as plaintiffs contend, relief under that section is limited to judgments entered by default.

Precisely this question was explored in *Troxell v. Troxell,* 237 Cal.App.2d 147 [46 Cal.Rptr. 723]. At page 151 the court held that a motion to set aside a judgment pursuant to section 473 is not so limited, and that ". . . the first sentence of the above-quoted paragraph of section 473 is not only broad enough to encompass actions which proceed to trial and to judgment in an adversary manner, but in *Brackett [Brackett v. Banegas,* 99 Cal. 623, 34 P. 344] it was so held. There relief was granted to a plaintiff under section 473 after judgment had been entered in his favor against two defendants, one by way of default and the other after a full trial."

*Garcia v. City & County of San Francisco,* 250 Cal.App.2d

767 [58 Cal.Rptr. 760], holds that a motion to vacate a judgment on the merits under section 473 extends the time within which to file notice of appeal until 30 days after entry of the order denying the motion. A hearing in *Garcia* was denied by the Supreme Court. We conclude that defendant's appeal was timely.

The principal question on appeal, therefore, is whether the trial court abused its discretion in denying defendant's motion to reopen the case and to file the certificate of revivor and an answer. Since the case had been completely tried, the court, by granting the motion, could have decided the case on the merits, rather than on the basis of a technicality that resulted in a forfeiture.

Revenue and Taxation Code section 23301 provides that in the event a corporation fails to pay franchise taxes, except for the purpose of amending the articles of incorporation to set forth a new name "the corporate powers, rights and privileges of a domestic taxpayer shall be suspended."

Apparently the trial court found the legislative intent as to the effect of a violation of section 23301 to parallel the legislative intent in the licensing statutes of Business and Professions Code section 7025 et seq., that is, a violation thereof is irremedial. An exposition of the strict forfeiture resulting from a license violation is found in *Lewis & Queen* v. *N. M. Ball & Sons,* 48 Cal.2d 141 [308 P.2d 713]. It is there pointed out that the legislative intent behind statutes regulating the contracting business and providing for the licenses of contractors is to protect the public against dishonesty and incompetency in the contracting business and in the performance of contracts. On the other hand, in *Boyle* v. *Lakeview Creamery Co.,* 9 Cal.2d 16, 19 [68 P.2d 968], the Supreme Court declared the legislative policy of Revenue and Taxation Code provisions imposing sanctions for failure to pay franchise taxes to be "clearly to prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern, in order that some pressure will be brought to bear to force the payment of taxes."

Failure to obtain a license is an absolute defense under Business and Professions Code section 7025, but a plea of lack of capacity of a corporation to maintain an action by reason of a suspension of corporate powers for nonpayment of taxes is a plea in abatement which is not favored in the law. (*Traub Co.* v. *Coffee Break Service, Inc.,* 66 Cal.2d 368, 370 [57 Cal.Rptr. 846, 425 P.2d 790].)

Our conclusion that the trial court erroneously interpreted the effect of a violation of Revenue and Taxation Code section 23301 is supported by *Schwartz* v. *Magyar House, Inc.,* 168 Cal.App.2d 182 [335 P.2d 487]. In that case, at the outset of the trial the plaintiff moved for judgment on the ground the corporate powers of the defendant were suspended, which barred the defendant from defending the action. The defendant moved for a continuance in order that it might obtain reinstatement; the continuance was granted and the defendant paid its taxes, was reinstated, was then granted leave to file amended answers, participated in the trial, and had judgment. The plaintiff appealed, and the reviewing court, in affirming the action of the trial court, held that even though the suspension was in effect at the time the motion for continuance was made, the trial court could recognize the corporation for the limited purpose of making the motion and that it was permissible for the court to continue the trial on its own motion. At page 189 the court said: ''By this procedure the court was enabled to pass upon the merits of plaintiff's alleged cause of action and render judgment accordingly, rather than deprive defendant of a meritorious defense upon purely technical grounds, which would not, in the instant situation, advance the underlying fiscal policy of the tax involved.''

Plaintiffs cite cases holding that where judgment has been entered before a certificate of revivor is filed, there is no abuse of discretion in not setting aside the judgment. Here, the certificate of revivor was filed before judgment was entered and, significantly, when the question was raised during trial the court, being fully advised of the circumstances, reserved a ruling and proceeded to thoroughly try the case on the merits. Thus, after the certificate of revivor was filed no retrial was required, simply a submission of the case on the evidence already presented. We deem the court's choice of forfeiture, as against a judgment on the merits, an abuse of discretion. (*Traub* v. *Coffee Break Service, Inc., supra,* 66 Cal.2d 368.)

Plaintiffs argue that because defendant's motion to set aside the judgment and file an amended answer had attached to it simply the certificate of revivor, and not the amended answer, the court could not consider the certificate of revivor; that is to say, the motion was a nullity because of the failure to attach a copy of the proposed amended answer. The argument might have some validity had the motion been to set aside a default judgment, since in the case of the usual

default the court cannot be certain that the moving party has a meritorious defense unless an answer is attached to the moving papers. But the failure to attach a copy of a proposed amended answer, here, created no such hiatus; the deficiency was in form only, because the case had been fully tried and submitted on the testimony and documentary evidence already adduced.

It has long been settled law that where (1) a case is tried on the merits, (2) the issues are thoroughly explored during the course of the trial and (3) the theory of the trial is well known to court and counsel, the fact that the issues were not pleaded does not preclude an adjudication of such litigated issues and a review thereof on appeal. (*Collison* v. *Thomas*, 55 Cal.2d 490, 498 [11 Cal.Rptr. 555, 360 P.2d 51]; *Pacific Finance Corp.* v. *Foust*, 44 Cal.2d 853. 858 [285 P.2d 632]; *Vaughn* v. *Jonas*, 31 Cal.2d 586, 605 [191 P.2d 432].)

The issues having been thoroughly litigated, no amended answer was needed to disclose whether defendant had a valid defense for the purpose of considering the motion to set aside the default; that was settled by the completed trial. In the circumstances, to adopt plaintiffs' highly technical argument would be to accept form over substance, which is contrary to the present trend of the law. Hence we conclude that the failure to attach a copy of an amended answer to the motion to set aside the judgment was not fatal in view of the minute order for judgment, which recited that "because of the suspension of defendant's corporate powers for failure to pay its franchise tax, it has no standing in court to defend the action."

The judgment is reversed.

Gargano, J., concurred.

CONLEY, P. J., Concurring and Dissenting—I agree with the end result reached by the main opinion, namely, that the judgment in favor of the plaintiffs should be reversed. However, while the opinions arrive at the same destination, the two paths taken are so divergent that I feel impelled to express a dissent from the reasons given by the majority for the reversal. It seems to me that in recognizing and giving full weight to the evidence received on behalf of defendant corporation during the time that it was unquestionably suspended, the majority opinion is flying in the face of the law as set up by the Legislature; it usurps the prerogative given to that body to repeal or modify the applicable statute.

Briefly, this is a contest concerning the legal right to a mining claim; for a period of approximately two years before the trial, the defendant corporation had failed to pay its franchise tax and was, consequently, suspended; counsel for the respondents objected in. open court to the trial of the case by the defendant, made proof that it had failed to pay its franchise tax and observed that, under the specific law (Rev. & Tax. Code, § 23301), "the corporate powers, rights and privileges of [the defendant had been] suspended. . . ." Instead of ruling on the matter forthwith, or granting defendant a continuance as in *Schwartz* v. *Magyar House, Inc.,* 168 Cal.App.2d 182 [335 P.2d 487], the trial judge said he would take the motion under advisement and continued to receive evidence from each side to the conclusion of the hearing. The defendant had no right to have the case tried in the circumstances. The judge presiding was incorrect in not immediately recognizing the lack of right on the part of the defendant to proceed as if it had not been suspended. Later, the court apparently became aware of its error and gave judgment to the plaintiffs on the sole ground that the suspended defendant had no right, when it did, to contest the case.

It has been held repeatedly that a corporation which has been suspended for failure to pay franchise taxes may not, during such suspension, prosecute or defend an action (*Reed* v. *Norman,* 48 Cal.2d 338, 343 [309 P.2d 809]; *Schwartz* v. *Magyar House, Inc., supra,* 168 Cal.App.2d 182, 188), or make a motion for a new trial (*Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 P. 446]), or take an appeal (*Boyle* v. *Lakeview Creamery Co.,* 9 Cal.2d 16 [68 P.2d 968]), or file mandamus proceedings in the appellate court (*Brown* v. *Superior Court,* 242 Cal.App.2d 519 [51 Cal.Rptr. 633]). In short, it may exercise only such power as is reserved to it by the statute.

*Ransome-Crummey Co.* v. *Superior Court, supra,* 188 Cal. 393, 398, holds: ". . . we are of the opinion that the subsequent revival of the corporate rights, powers, and privileges did not have the effect of validating the acts attempted during the period of suspension. The revival is not made retroactive by the statute. The suspension of the rights, powers, and privileges is a disability imposed on a corporation as a penalty, and it would tend to deprive the statute of its force and encourage a corporation in default to postpone payment of its taxes indefinitely if it were held that by subsequent payment of the delinquent taxes all the benefits of the

attempted acts denied to the corporation could be secured."

The reinstatement of a franchise-tax defaulting corporation through the issuance of a certificate of revivor does not validate acts of the corporation during the period of suspension. (*Smith* v. *Lewis*, 211 Cal. 294, 300 [295 P. 37]; *Cleveland* v. *Gore Bros., Inc.*, 14 Cal.App.2d 681, 682-683 [58 P.2d 931].)

In this case, the record shows that prior to the entry of judgment, the defendant corporation paid its delinquent franchise tax and the court became acquainted with that fact. It would seem that the court should have granted the defendant's motion for leave to file an amended answer and the certificate of revivor, and then should have ordered that the respective parties adduce evidence of their respective basic rights. Section 23305a of the Revenue and Taxation Code specifically provides that upon issuance of a certificate of revivor "the taxpayer therein named shall become reinstated but such reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture."

The evidence received during the suspension of defendant was a nullity, and, this being so, the judge was correct in ordering judgment for the plaintiffs. However, the court later should have granted the motion to set aside the judgment, which was timely (Rules of Court, rules 2 and 3 (b); Code Civ. Proc., §§ 12, 12a, 12b, 473; *Troxell* v. *Troxell*, 237 Cal.App.2d 147, 151 [46 Cal.Rptr. 723]; *Garcia* v. *San Francisco*, 250 Cal.App.2d 767 [58 Cal.Rptr. 760]), because the court had been made aware that the defendant corporation was rehabilitated, and it was then wrong to continue the status which resulted from the previous judgment. It became the duty of the court, with a revived corporation as defendant, to set aside the earlier judgment so that the pleadings could then be amended and the rights of the parties ascertained in accordance with their basic factual relationship. It is for that reason I believe that the judgment in favor of the plaintiffs should be set aside and the respective rights of the parties reconsidered by the trial court.

A petition for a rehearing was denied June 23, 1969.