KENNARD, J., Concurring and Dissenting.
A corporation may not “appeal from an adverse judgment in an action while its corporate rights are *330 suspended for failure to pay taxes.” (Reed v. Norman (1957) 48 Cal.2d 338, 343 [309 P.2d 809].) According to the majority, that rule does not apply when, after expiration of the appeal period, the corporation’s suspension is lifted. The majority reasons that the reinstatement retroactively validates a notice of appeal that the suspended corporation filed during the appeal period. I disagree. As an appellate court’s jurisdiction is wholly dependent upon the timely filing of a valid notice of appeal, the consequence should be dismissal of the appeal.
In support of its holding, the majority cites two 40-year-old decisions of this court, one of them with a vigorous dissent by Justice Stanley Mosk. In my view, those two decisions were wrong then, are wrong now, and should be overruled. Because, however, those decisions may have led to some reliance by the bench and bar, I would apply the rule I propose to future cases only. This is the sole reason for my agreement with the majority’s disposition.
I. Appellate Jurisdiction
A party seeking to appeal must file a notice of appeal within 60 days after it is served with a notice of entry of either a judgment or an appealable order, or within 180 days after entry of judgment, whichever is earlier. (Cal. Rules of Court, rule 8.104(a)(1), (c).) Here, one of the plaintiffs, Brown Eyed Girl, Inc., filed a timely notice of appeal. But that notice was filed during suspension of the corporation’s powers, rights, and privileges for not paying its taxes. As this court said 55 years ago, a corporation whose rights have been suspended “for failure to pay taxes” may not appeal from an adverse judgment in a court action. (Reed v. Norman, supra, 48 Cal.2d at p. 343.) Thus, here plaintiff’s notice of appeal, filed during the corporation’s suspension, was invalid.
After expiration of the appeal period, the corporation paid the delinquent taxes and was reinstated. Should the rule be that the reinstatement retroactively validates the corporation’s invalid notice of appeal? The majority’s answer is “yes.” My answer is “no,” as explained below.
The filing of a timely and valid notice of appeal is a “prerequisite to the exercise of appellate jurisdiction.” (Hollister Convalescent Hosp., Inc. v. Rico (1975) 15 Cal.3d 660, 670 [125 Cal.Rptr. 757, 542 P.2d 1349].) The lack of such notice deprives the reviewing court of “all power to consider the appeal on its merits,” and dismissal is the consequence. (Id. at p. 674; see Maynard v. Brandon (2005) 36 Cal.4th 364, 372-373 [30 Cal.Rptr.3d 558, 114 P.3d 795]; In re Chavez (2003) 30 Cal.4th 643, 650 [134 Cal.Rptr.2d 54, 68 P.3d 347]; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 601, pp. 677-678.) That rule is also embodied in our court rules. (Cal. Rules of Court, rules 8.60(d) *331 [appellate court may not relieve a party from the failure to file a timely notice of appeal], 8.104(b) [appellate court must dismiss the appeal if the notice of appeal is filed late].) “In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations].” (Estate of Hanley (1943) 23 Cal.2d 120, 123 [142 P.2d 423].) No statute authorizes appellate courts to extend the appeal period for suspended corporations.
No good reason appears why a corporation’s notice of appeal filed during suspension, and thus invalid, should become valid when, after expiration of the appeal period, the corporate powers are reinstated. To allow this is to vest the appellate court with jurisdiction that it lacked during the appeal period when an invalid notice was filed. Such an outcome is generally unavailable irrespective of any mistake, inadvertence, or misfortune. (Estate of Hanley, supra, 23 Cal.2d at p. 123.)
II. This Court’s Precedents
The majority’s decision relies on two 40-year-old decisions of this court: Peacock Hill Assn. v. Peacock Lagoon Constr. Co. (1972) 8 Cal.3d 369 [105 Cal.Rptr. 29, 503 P.2d 285] (Peacock Hill), and Rooney v. Vermont Investment Corp. (1973) 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 297] (Rooney). Those two decisions were wrong then, are wrong now, and should be overruled.
As the majority notes, both Peacock Hill, supra, 8 Cal.3d 369 and Rooney, supra, 10 Cal.3d 351, implicitly held that an invalid notice of appeal filed by a corporation suspended for failure to pay taxes is, upon reinstatement of the corporation, retroactively validated. (See maj. opn., ante, at pp. 326-327.) Not at all considered by the Peacock Hill majority, however, was this core appellate rule: The filing of a timely and valid notice of appeal is a prerequisite for appellate jurisdiction. Instead, the majority there simply cited certain cases as holding that in “a number of situations” a suspended corporation’s reinstatement served to validate “otherwise invalid prior action.” (Peacock Hill, supra, at p. 371.) The cited cases, none of which involved appellate court subject matter jurisdiction, are: Traub Co. v. Coffee Break Service, Inc. (1967) 66 Cal.2d 368 [57 Cal.Rptr. 846, 425 P.2d 790], Diverco Constructors, Inc. v. Wilstein (1970) 4 Cal.App.3d 6 [85 Cal.Rptr. 851], A. E. Cook Co. v. K S Racing Enterprises, Inc. (1969) 274 Cal.App.2d 499 [79 Cal.Rptr. 123], and Duncan v. Sunset Agricultural Minerals (1969) 273 Cal.App.2d 489 [78 Cal.Rptr. 339]. (Peacock Hill, supra, at p. 371.)
The decision in Rooney, supra, 10 Cal.3d 351, came a year after Peacock Hill, supra, 8 Cal.3d 369, which Rooney, without any analysis, cited with *332 approval for the proposition that reinstatement of a suspended corporation “permitted it to proceed with the appeal.” (Rooney, supra, at p. 359.)
Because the filing of a timely and valid notice of appeal is necessary to give the appellate court jurisdiction over the appeal, failure to file such a notice results in an irrevocable forfeiture of the litigant’s right to appeal. In my view, this forfeiture cannot be vacated or cured by later events, such as reinstatement of corporate powers by payment of delinquent taxes, and I would therefore overrule the two decisions of this court—Peacock Hill, supra, 8 Cal.3d 369 and Rooney, supra, 10 Cal.3d 351—that held to the contrary. But because those decisions may have been relied on by the bench and bar, I would, for reasons of fairness, apply the rule I propose to future cases only. (See, e.g., Smith v. Rae-Venter Law Group (2002) 29 Cal.4th 345, 372 [127 Cal.Rptr.2d 516, 58 P.3d 367]; Woods v. Young (1991) 53 Cal.3d 315, 330 [279 Cal.Rptr. 613, 807 P.2d 455].) Solely on this basis, I agree with the majority’s disposition here.