Filed 6/22/16  Vilela v. Rodriguez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN VILELA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DELIA RODRIGUEZ et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B262442<br>(Super. Ct. No. 56-2012-00418078-<br>CU-FR-VTA)<br>(Ventura County) |

Plaintiff John Vilela appeals an award of $239,824 in attorney fees to defendants Delia Rodriguez; Richard Cabo; Drinks America Holdings, Ltd.; Elements Spirits, Inc.; Worldwide Spirits, Inc.; Worldwide Beverage Imports, LLC; Frederico Cabo; and Timothy Owens, after they prevailed in Vilela's declaratory relief, breach of fiduciary duties and fraud action.

We conclude, among other things, that 1) the trial court did not abuse its discretion by granting relief to defendants' counsel for not timely filing the motion for attorney fees (Code Civ. Proc., § 473); 2) the court's act of drawing a line through the words "attorneys' fees" in the initial judgment did not preclude the court from later awarding attorney fees after defendants filed their motion for fees; 3) defendants established their entitlement to attorney fees; and 4) the court erred by awarding defendants $4,400 more than defendants requested for attorney fees.  We modify the award by reducing it from $239,824 to $235,424.  As so modified, we affirm.

## FACTS

Vilela entered into a "Subscription Agreement" to invest $250,000 to purchase 12 percent of the shares of Elements Spirits, Inc. (Elements), a company that intended to sell "Kah," a brand of tequila. Vilela claimed that agreement "provided [him] with the right to acquire the Kah trademark in the event that Elements were to fail within two years." The agreement contained an attorney fee provision relating to litigation.

To fund the high legal costs of that litigation, Elements sold 51 percent of the company to Worldwide Spirits, Inc. (Worldwide). Vilela claimed Worldwide and other individuals, including Cabo, Owens and Rodriguez, "took control of Elements," and diminished his "legal rights" and the value of his investment. He contended they conspired to "steal Elements' sole asset, the Kah trademark, for themselves" and "loot the company of its assets and income generating ability."

Vilela filed a complaint for damages and equitable relief. He alleged causes of action against defendants for conspiracy to defraud, breach of fiduciary duty, removal of Directors, conversion, declaratory relief, and fraudulent transfer. He claimed he was entitled to a declaratory judgment that he owned "12% of all the issued and outstanding equity interests of Elements" as provided by the Subscription Agreement.

At the conclusion of a court trial, the trial court entered judgment for defendants. We have no reporter's transcript of the trial record.

After the entry of judgment, counsel for defendants filed a motion for attorney fees based on the attorney fee clause in the Subscription Agreement. The motion was filed a few days beyond the 60-day time period for filing an attorney fee motion. The trial court granted relief from the untimely filing under Code of Civil Procedure section 473 based on counsel's claim of a mistake in calculating the filing period. The court awarded attorney fees to defendants in the amount of $239,824.

## DISCUSSION

*Granting Relief for the Untimely Filing of the Motion for Attorney Fees*

Defendants' motion for attorney fees, filed more than 60 days after the notice of entry of judgment (Cal. Rules of Court, rule 3.1702(b)), was untimely. Vilela

2.

contends the trial court erred in granting defendants leave to file their motion. (Code Civ. Proc., § 473.)

In *Lewow v. Surfside III Condominium Owners Assn., Inc.* (2012) 203 Cal.App.4th 128, 135, we held that "for good cause the trial court [has] the power to extend the time for filing" a motion for attorney fees. In *Lewow*, good cause was "counsel's mistake of law in believing that [a] bankruptcy stay tolled the statutory 60-day period" for filing the motion. (*Ibid.*) We said, " 'It is settled that an honest and reasonable mistake of law on such an issue is excusable and constitutes good cause for relief from default under Code of Civil Procedure, section 473.' " (*Id.* at pp. 135-136.)

Here Erin Brady, counsel for defendants, filed a declaration stating, "I now realize that my direction to calendar the last day for filing the motion for attorneys' fees as October 31, 2014 was incorrect. I now realize that the correct last day to file the motion . . . should have been October 27, 2014." Brady explained, "I inadvertently . . . included an extra 5 days for mailing of the notice of entry of judgment." The trial court could reasonably infer there was good cause for the late filing based on counsel's error. (*Lewow v. Surfside III Condominium Owners Assn., Inc., supra*, 203 Cal.App.4th at pp. 135-136.)

### *Drawing a Line Through the Words "Attorneys' Fees" in the Judgment*

Vilela notes that after the trial court entered a judgment in favor of defendants, it drew a line through the words "attorneys' fees in the amount of $____." He argues this shows the intent to deny attorney fees to defendants.

Defendants had not yet filed their motion for fees. They could make that motion after the filing of the judgment. (*Walsh v. New West Federal Savings & Loan Assn.* (1991) 234 Cal.App.3d 1539, 1547.) "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal . . . ." (Cal. Rules of Court, rule 3.1702 (b).) The trial court was not in a position to decide the amount of fees at the time it initially entered judgment. After defendants filed their post-judgment motion for fees, the court properly considered the attorney fee issue. (*Walsh*, at p. 1547.) As the

3.

trial court noted, the initial judgment was not "controlling on whether or not fees are recoverable."

*Entitlement to Attorney Fees*

Vilela claims all his causes of action sound in tort. Therefore, Civil Code section 1717, which involves attorney fees in contract cases, does not apply.

Civil Code section 1717, subdivision (a) provides, in relevant part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees . . . ." "California courts liberally construe the term ' " 'on a contract' " ' as used within section 1717." (*Dell Merk, Inc. v. Franzia* (2005) 132 Cal.App.4th 443, 455.)

Vilela suggests that, because he did not specifically plead a contract cause of action, his lawsuit was not "an action on a contract" within the meaning of section 1717, subdivision (a). Therefore, he argues the Subscription Agreement is irrelevant on the issue of attorney fees. But "even if a breach of contract is not specifically pleaded, an action may be 'on a contract' where, as here, the contract claim is asserted during trial 'and the [contract] theory . . . [is] well known to court and counsel.' " (*Walsh v. New West Federal Savings & Loan Assn., supra*, 234 Cal.App.3d at p. 1547; *Duncan v. Sunset Agricultural Minerals* (1969) 273 Cal.App.2d 489, 494.)

In Vilela's declaratory relief cause of action, he requested "a judicial declaration that [Vilela] is the owner of 12% of all the issued and outstanding equity interests of Elements." In his trial brief, he wrote, "Vilela, *pursuant to the terms of a subscription agreement, agreed* to invest $250,000 in exchange for a 12% equity interest in Elements." (Italics added.) Vilela said, "That agreement also provided Vilela *with the right to acquire* the KAH trademark in the event that Elements were to fail within two years." (Italics added.) He said defendants conspired "to steal . . . the KAH trademark."

4.

This points to Vilela's attempt to enforce his rights under a contract against those he claimed were violating those rights.

In its statement of decision, the trial court found that the $250,000 sum was paid "*pursuant to a standard Subscription Agreement* dated November 20, 2009." (Italics added.) The agreement the court referenced contained the attorney fee provision, which is the basis for defendants' claim for attorney fees. Vilela's claim to a 12 percent equity interest was the underlying foundation for his action. All of his causes of action were based in some way on this underlying claim of rights originating from this contractual agreement.

Vilela claims that, because he was not trying to enforce the provisions of the Subscription Agreement, the trial court could not make a finding that his action was "on a contract" under Civil Code section 1717. The record before us does not include the reporter's transcript of the trial. We must presume the court properly found that at trial Vilela was seeking to enforce rights under the Subscription Agreement. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.) " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' " (*Ibid.*)

At the hearing on the attorney fee motion, defendants noted that the Subscription Agreement was part of Vilela's case at trial. Defendants' counsel said in both the opening and closing statements that Vilela's counsel asked for the return of the $250,000 "or asked for his share certificate *under this agreement*." (Italics added) Vilela may not refute this claim or assert trial court error without the trial record. (*Null v. City of Los Angeles, supra*, 206 Cal.App.3d at p. 1532.)

Viela uses the Subscription Agreement to support his claims at trial. It contains an attorney fee provision: "In the event either party shall be forced to bring *any legal action* to protect or defend its rights hereunder, then the prevailing party in such proceeding shall be entitled to reimbursement from the non-prevailing party of all fees, costs and other expenses (including, without limitation, the reasonable expenses of its attorneys) *in bringing or defending against such an action*." (Italics added.)

5.

We agree with defendants that the 12 percent equity interest Vilela sought to enforce in his declaratory relief cause of action falls within Civil Code section 1717. "Actions for a declaration of rights based upon an agreement are 'on the contract' within the meaning of Civil Code section 1717." (*Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1246.) As defendants stated in their motion for attorney fees, "The rights and duties which Plaintiff sought a judicial declaration upon were all based on the Subscription Agreement." Defendants also pointed out that Vilela's legal standing to pursue various causes of action was dependent on his contractual rights. In one cause of action, Vilela alleged he was owed a fiduciary duty because of his status as a shareholder. But that "status" was "created *via the Subscription Agreement*." (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1179 [plaintiff who sued on a breach of fiduciary duty cause of action was entitled to Civil Code section 1717 attorney fees because her rights originated from a contract even though she did not plead a contract cause of action].)

The broad language in the Subscription Agreement here authorizes attorney fees for defending both tort and contract claims. It applies to the defense of "*any* legal action" brought by the adverse party and fees are authorized for "defending against such an action." As the trial court correctly observed, "It doesn't limit it to a cause of action." (*Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 621; *Palmer v. Agee* (1978) 87 Cal.App.3d 377, 387 [term "action" refers to "the entire judicial proceeding"].) "If a contractual attorney fee provision is phrased broadly enough, as this one is, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.)

In *Lerner v. Ward* (1993) 13 Cal.App.4th 155, 160, we held that a broadly worded attorney fee provision "was not limited merely to an action on the contract, but to any action or proceeding arising out of the agreement." "[A] party may still be entitled to reasonable attorney fees for actions that are not 'on the contract' if the fee clause can be interpreted to provide for such awards." (1 Pearl, California Attorney Fee Awards (Cont.Ed.Bar 3d ed. 2015) § 4.53; *Calvo Fisher & Jacob LLP v. Lujan, supra,* 234

6.

Cal.App.4th at p. 621 [" 'By its terms it applies to "any legal action."  Agreements which contain such broad language permit the recovery of attorney fees' " for tort causes of action.].)  Vilela has not shown that the trial court erred in finding defendants were entitled to attorney fees for their successful defense to this action.

*Seeking Compensation for Excessive Attorney Fees*

Vilela contends defendants' counsel sought excessive fees, used block billing, and sought fees for unnecessary or duplicative work.

The trial court has substantial discretion in determining the size of an attorney fee award.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133; *Sternwest Corp. v. Ash* (1986) 183 Cal.App.3d 74, 76.)  "Trial judges are entrusted with this discretionary determination because they are in the best position to assess the value of the professional services provided in their courts." (*Cates v. Chiang* (2013) 213 Cal.App.4th 791, 821.)  Consequently, awards of attorney fees will not be reversed unless "the appellate court is ' " 'convinced' " ' the ruling is ' " 'clearly wrong.' " ' " (*Id.* at pp. 820-821.)

Here the trial court reviewed the attorney fee motion to see if counsel had requested "excessive time," "excessive conferencing, drafting," or "redrafting."  The trial judge found the hourly rate sought for compensation was "within the realm of fees that [he has] awarded here for local counsel."  He said, "[T]here may be some block billing here, but it is neither chronic nor is it deceptive."

*Awarding More Attorney Fees than the Amount Requested by Defendants*

Vilela notes the trial court awarded a total of $239,824 in attorney fees to defendants.  He claims this award was excessive because it was $4,400 above the amount defendants requested for fees.  We agree.

Defendants initially requested $239,824 as attorney fees.  But they later withdrew the request for $4,400 worth of their counsel's services and requested a fee of $235,424.  Nevertheless, the trial court awarded $239,824, $4,400 above the amount counsel had requested.

DISPOSITION

The attorney fee award is modified and reduced to $235,424.  As so modified, we affirm.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

8.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Mathew & George, Abraham Mathew, and Jacob George for Plaintiff and Appellant.

Neufeld Marks, Timothy L. Neufeld, and Erin E. Brady for Defendants and Respondents.