[Civ. No. 30960.   Second Dist., Div. Two.   Aug. 4, 1967.]

OLD FASHION FARMS, Plaintiff and Appellant, v. ESSIE HAMRICK, Defendant and Respondent.

Matthew L. Hatfield for Plaintiff and Appellant.

Frederick E. Chol for Defendant and Respondent.

ROTH, P. J.—On April 27, 1964, appellant Old Fashion Farms, a California corporation, sued Essie Hamrick for specific performance and declaratory relief based on an oral agreement for a written lease and option to purchase certain real property in the City of Lancaster, manifested only by an incomplete and uncertain written deposit receipt. A cross-complaint and counterclaim was also filed. As appears from an excerpt of the judgment quoted below, these latter pleadings are irrelevant to a disposal of the issue here involved.

On August 2, 1965, the Secretary of State suspended the powers, rights and privileges of appellant under Revenue and Taxation Code, section 23301 for failure to pay its franchise taxes.

On September 23, 1965, pretrial conference was held and the matter set for trial on December 7, 1965. When the case was called for trial, respondent at the outset introduced in evidence the certificate of suspension from the State Franchise Tax Board of Old Fashion Farms, and objected to the introduction of any evidence by appellant. Appellant moved for a 30-day continuance to seek reinstatement under section 23305 of the above code. The motion was denied. The trial court thereupon granted judgment for defendant which was entered December 21, 1965. The judgment recites in pertinent part:

"The Court heard and considered arguments in support of defendant's objection to the introduction of evidence. . . . The Court finds that the corporate powers, rights, and privileges of plaintiff have been, and now are, suspended, that defendant's objection and motion is well taken and should be sustained, and that plaintiff's motion is not well taken and should be denied. Thereupon, the Court sustained defendant's objection and granted defendant's motion for judgment and denied plaintiff's motion for continuance. Cross-defendants and counterclaimants moved to dismiss their counter-claim without prejudice and defendant and cross-complainant joined in said motion and moved to dismiss her cross-complaint without prejudice to which cross-defendants and counter-claimants also joined."

On February 23, 1966, appellant filed a notice of appeal. On February 25, 1966, a "Certificate of Revivor" was issued by the Franchise Tax Board reinstating appellant's full corporate powers. On March 4, 1966, appellant filed a second notice of appeal, identical with the first. The record on appeal has been augmented to and does include the Certificate of Revivor.

The sole question on appeal is whether the trial court abused its discretion in denying a continuance and granting judgment for respondent.

Section 23301 of the Revenue and Taxation Code provides: "Except for the purpose of amending the articles of incorporation to set forth a new name, the corporate powers, rights, and privileges of a domestic taxpayer shall be suspended . . ." for failure to pay franchise taxes. The effect of suspension has appropriately been termed "drastic": a suspended corporation may be sued, but may not sue or defend an action, and may not appeal from an adverse decision. (2 Witkin, Cal. Procedure (1954) p. 1013.)

In *Boyle* v. *Lakeview Creamery Co.*, 9 Cal.2d 16, 19 [68 P.2d 968], it is stated: "[T]he policy is clearly to prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern, in order that some pressure will be brought to bear to force the payment of taxes." Subsequent payment of taxes, with reinstatement of full corporate existence, does not revive in the corporation the right to benefits it has lost by failing to pay its taxes on time. Such a policy "would tend to deprive the statute of its force and encourage a corporation in default to postpone payment of its taxes indefinitely." (*Ransome-Crummey Co.* v. *Superior Court*, 188 Cal. 393, 398 [205 P. 446].)

In *Schwartz* v. *Magyar House, Inc.*, 168 Cal.App.2d 182 [335 P.2d 487] (hearing denied by supreme court), defendant corporation, suspended under section 23301, moved for a continuance to enable it to consummate reinstatement. The motion was granted and was affirmed on appeal. In *Schwartz* the court held that section 23301 does not "necessarily . . . preclude a trial court from recognizing the corporation for limited purposes," and that in any event, the trial court could have continued the case on its own motion. The court further stated: "In passing on the motion for a continuance, which rests to a great extent in the sound discretion of the trial court (*Vallera* v. *Vallera*, 73 Cal.App.2d 466, 471 [166 P.2d 893]; *Capital Nat. Bank* v. *Smith*, 62 Cal.App.2d 328, 339 [144 P.2d 665]), the trial court may inquire into the merits of the defense, pass on any questions presented as to any possible prejudice to either of the parties which would result from granting or denying the motion, and determine whether there is good cause therefor. (Rules for the Superior Courts, rule 11.)" (*Schwartz, supra*, at pp. 188-189.)

Our independent examination of the contract alleged in the complaint shows that it is uncertain in so many vital particulars that it could not be specifically enforced in any event. In the circumstances, the trial court properly exercised its discretion in denying a continuance. Further, plaintiff had been suspended on August 2, 1965. Pretrial was had after that date. December 7, 1965, was agreed upon as the trial date. In the four-month interval between August and December, there is no indication that plaintiff made any effort to seek revivor. The trial court, when making its rulings, said: ''It is up to the discretion of the Court . . . whether a continuance . . . is given, . . . . The person . . . that would suffer most in this case, would be the owner of the property who is the defendant [*lis pendens* was filed in 1964] and the Complaint here at best is questionable. The plaintiff [has] . . . little or nothing to lose.

''In view of those circumstances I will deny the requests for a continuance and grant a judgment on the pleadings to the defendant. . . .''

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.