**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**2.61 ACRES OF LAND, MORE OR LESS, SITUATED IN the COUNTY OF MARIPOSA, STATE OF CALIFORNIA; Wawona Village, a California corporation, et al., Defendant-Appellant.**

No. 84–2155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1985.

Decided Nov. 8, 1985.

As Amended June 13, 1986.

Donald B. Ayer, U.S. Atty., Andrew M. Wolfe, Asst. U.S. Atty., Sacramento, Cal., Maria A. Iizuka, Dept. of Justice, Washington, D.C., Martin W. Matzen, San Francisco, Cal., for plaintiff-appellee.

* Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

1. *See* 40 U.S.C. § 257 (1984); 40 U.S.C. § 258a (1984).

2. 16 U.S.C. § 1 (1984) mandates that the National Park Service must operate Yosemite National

Joseph M. Gughemetti, San Mateo, Cal., for defendant-appellant.

Before POOLE and NELSON, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

Appellant Wawona Village, a corporate landowner, appeals from a judgment entered by the district court which determined the amount of just compensation for the taking by eminent domain of certain real property it owned. Because we find the district court abused its discretion by denying appellant's request for a continuance of the trial to allow time for appellant to revive itself through payment of back taxes to the State Franchise Tax Board of California, we reverse and remand.

The United States filed a condemnation by declaration of taking [1] in 1977 against 2.61 acres of land in Mariposa County, California, owned by Wawona Village ("Wawona"), a California corporation. The government sought to acquire this land, located in Yosemite National Park, because the proposed development by Wawona was incompatible with public land use policies [2] and because a faulty sewage disposal system created serious environmental problems. The government deposited $82,000, the estimated fair market value of the land, in the Registry of the District Court on December 13, 1977. On January 18, 1980, the government increased the amount to $118,450 to reflect a subsequent government appraisal.

Prior to the scheduled jury trial of the just compensation issue, the government discovered that the State of California had

Park so as "to conserve the scenery and the natural and historic objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations."

suspended Wawona's corporate privileges because Wawona had failed to pay back taxes.[3]  On March 12, 1984, the eve of trial, the government moved for an order to show cause why Wawona should not be barred from presenting evidence at trial. Immediately thereafter, Wawona moved for a short continuance in order to pay its delinquent tax assessments and to revive itself as a corporation.[4]  The district court elected to "deny the corporation [the right] to appear in [the] lawsuit," determining that "under the law [the court] was lacking discretion to do anything [else]."  Additionally, the Court reminded Wawona that the March 13 trial date had been set for Wawona's convenience.

Thereafter, a court trial commenced, with the district court affording the government a one day continuance to accommodate one of its witnesses.  On March 14, the Court found the fair market value of the land to be $85,000, despite the earlier government estimate of $118,450. On March 23, Wawona, now conditionally revived, filed a motion for relief from the judgment of March 14th.  The court denied Wawona's motion on May 7, even though the motion was not ripe because the district court had not yet signed the judgment.  On May 29 the court entered judgment, from which Wawona filed a timely appeal.

■ "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."  F.R. Civ.P. 17(b).  *See Chicago Title and Trust Co. v. Forty-One Thirty-Six Wilcox Bldg.*

*Corp.*, 302 U.S. 120, 125–26, 58 S.Ct. 125, 127–28, 82 L.Ed. 147 (1937).  Wawona is a California corporation, which mandates the application of California law.  The relevant California law, Cal.Rev. and Tax Code § 23301, provides that the rights, powers and privileges of a corporation may be suspended for nonpayment of taxes.  It is well-settled that a delinquent corporation may not bring suit and may not defend a legal action.  *Reed v. Norman,* 48 Cal.2d 338, 343, 309 P.2d 809, 812 (1957).  Nor may the delinquent corporation appeal an adverse ruling.  *Boyle v. Lakeview Creamery Co.,* 9 Cal.2d 16, 19, 68 P.2d 968, 970 (1937).  However, once the corporate powers are reinstated, the corporation may defend an action.  *Traub Co. v. Coffee Break Service, Inc.,* 66 Cal.2d 368, 371, 57 Cal. Rptr. 846, 848, 425 P.2d 790, 792 (1967).

The government contends that the legislature enacted § 23301 with a punitive intent.  That is, once a corporation fails to pay its taxes, the entity should be forever barred from appearing in a lawsuit.  The various penalties detailed in Cal.Rev. and Tax Code § 25962.1, however, belie the government's contention.  Moreover, the California Supreme Court has held that § 23301 is intended merely to pressure delinquent corporations to pay their taxes.  *Boyle,* 9 Cal.2d at 19, 68 P.2d 968.  *See also Peacock Hill Ass'n. v. Peacock Lagoon Constr. Co.,* 8 Cal.3d 369, 371, 105 Cal.Rptr. 29, 30, 503 P.2d 285, 286 (1972).

A corporation may move for a continuance in order to enable the corporation to

---

**3.** Cal.Rev. and Tax.Code § 23301 (West Supp. 1984) states:

Except for the purposes of filing an application for exempt status or amending the articles of incorporation as necessary either to perfect that application or a new name to set forth ..., the corporate powers, rights and privileges of a domestic tax payer, may be suspended, and the exercise of the corporate powers, rights and privileges of a foreign taxpayer in this state may be forfeited if any of the following conditions occur:
  (a) If any tax, penalty or interest, or any portion thereof, which is due and payable ... is not paid ... or
  (b) If any tax, penalty or interest, or any portion thereof, due and payable upon notice and demand from the Franchise Tax Board,

or due and payable under Section 25936 is not paid....

**4.** Cal.Rev. and Tax.Code § 23305 (West Supp. 1984) provides in pertinent part:

Any taxpayer which has suffered the suspension or forfeiture provided for in Section 23301 or Section 23301.5 may be relieved therefrom upon making application therefor in writing to the Franchise Tax Board and upon payment of the tax and the interest and penalties for nonpayment of which the suspension or forfeiture occurred, together with all other taxes, deficiencies, interest and penalties due under this part, and upon the issuance by the Franchise Tax Board of a certificate of revivor.

revive itself pursuant to Cal.Rev. and Tax Code § 23305. *Schwartz v. Magyar House, Inc.,* 168 Cal.App.2d 182, 188, 335 P.2d 487, 490–91 (1959); *Traub,* 66 Cal.2d at 370 n. 3, 57 Cal.Rptr. 846, 425 P.2d 790; *Reed,* 48 Cal.2d at 344, 309 P.2d 809; *A.E. Cook Company v. K S Racing Enterprises,* 274 Cal.App.2d 499, 500, 79 Cal.Rptr. 123, 124 (1969) ("[e]ven at the time of the hearing, the court may grant a continuance in order to allow the delinquent corporation to secure a revivor."). *Accord, Duncan v. Sunset Agricultural Minerals,* 273 Cal. App.2d 489, 493, 78 Cal.Rptr. 339, 342 (1969).[5]

In *Schwartz,* the appellate court found no abuse of discretion when the trial court granted the defendant companies' motion for a continuance in order to obtain a certificate of revivor so that the defendants could present a defense. Although § 23301 forbids a delinquent corporation from defending an action, the court found that "[r]ecognizing the corporation for the limited purpose of permitting it to inform the court of facts which ... would warrant the court in continuing the action for a limited period, is neither violative of the letter nor spirit of section 23301." 168 Cal.App.2d at 188, 335 P.2d 487. Plaintiff in *Schwartz* had first raised the issue of corporate capacity to defend two years after filing the complaint. Counsel for the defendant corporations claimed to be surprised that their corporate powers had been suspended, and alleged insufficient notice of plaintiff's motion to bar them from trial. The corporations immediately instituted proceedings to become reinstated and presented evidence of such efforts during the hearing on the motion to continue. Corporate revivals were in fact accomplished before trial. *Id.* at 186, 335 P.2d 487.

Here, as in *Schwartz,* the government raised the issue of corporate capacity on the eve of trial, long after the complaint was filed. Counsel claimed surprise at Wawona's suspension, and alleged insufficient notice of the government's challenge to the corporation's capacity to defend. Unlike *Schwartz,* Wawona was not in the process of reinstatement when it moved for a continuance. Yet, the district court's denial of an extension of time did not permit such action. The delayed ruling in *Schwartz,* by contrast, did allow the corporations to revive themselves prior to the commencement of the trial. Further, Wawona acted promptly, securing a complete corporate revivor within two weeks of the district court's denial of the motion for a continuance.

Another case concerning the propriety of a continuance to permit reinstatement is *Duncan v. Sunset Agricultural Minerals,* 273 Cal.App.2d 489, 78 Cal.Rptr. 339 (1969). In that case, plaintiff filed an action to quiet title to a mining claim owned by defendant corporation. At trial, plaintiff presented evidence of defendant's failure to pay taxes and of the suspension of its corporate powers. Defendant did not move for a continuance, but informed the court that it was in the process of obtaining reinstatement. The court took the matter under submission and allowed the trial to proceed. Months later, defendant sought leave to amend its answer pursuant to an attached certificate of revivor. Thereafter, the court granted judgment for the plaintiff on the ground that defendant lacked the capacity to defend due to its suspension. The court also denied defendant's motion for leave to amend. Defendant's subsequent motion to vacate was denied and an appeal was taken. *Id.* at 490–91, 78 Cal.Rptr. 339.

The appellate court reversed the trial court's denial of defendant's motion to reopen and to file a certificate of revivor. The court determined that Section 23301 was intended to persuade corporations to

---

5. Here, we note that although no California Supreme Court opinion directly addresses the question of whether a court may continue a trial to permit the corporation time to secure a certificate of revival, two decisions indicate their approval of *Schwartz. See Traub,* 66 Cal.2d at 370 n. 3, 57 Cal.Rptr. 846, 425 P.2d 790; *Peacock,* 8 Cal.3d at 372 n. 2, 105 Cal.Rptr. 29, 503 P.2d 285.

pay back taxes and not to preclude meritorious defenses on technical grounds. Since the trial court had taken all the necessary testimony, no retrial was necessary. Thus, because the corporation had presented its certificate of revivor before the entry of judgment, the trial court should have decided the action on the merits, and should have disregarded the suspension. *Id.* at 493–94, 78 Cal.Rptr. 339.

Wawona, like the corporate defendant in *Duncan*, filed its notice of corporate revivor before entry of judgment. In fact, Wawona filed the notice on March 29, 1984, two months prior to the entry of judgment on May 29, 1984. Based on the cases discussed above, we are persuaded that the district court erred in concluding that it lacked discretion to grant a continuance.

■ The government argues that although payment of back franchise taxes after suit was commenced revives a suspended corporation, the revived corporation still may not defend itself in the action. This is patently false. In *Peacock*, 8 Cal.3d at 373, 105 Cal.Rptr. 29, 503 P.2d 285, the court, relying upon *Diverco Constructors, Inc. v. Wilstein*, 4 Cal.App.3d 6, 12, 85 Cal.Rptr. 851, 855 (1970), held that a revived corporation may proceed with an action regardless of when revival occurred.

The government also argues that since a revived corporation is precluded from presenting a defense, no purpose is served by granting a continuance to allow time for the corporation to become revived. This argument is similarly without merit. *See Traub*, 66 Cal.2d at 370 n. 3, 57 Cal.Rptr. 846, 425 P.2d 790; *Schwartz*, 168 Cal. App.2d at 188–89, 335 P.2d 487; *A.E. Cook*, 274 Cal.App.2d at 500, 79 Cal.Rptr. 123; *Hamrick*, 235 Cal.App.2d at 236, 61 Cal. Rptr. 254. "Suspension of corporate powers is a defense which may be asserted so long as the party-corporation is under disability. Upon revival of its corporate powers, however, the party may proceed with the prosecution or the defense of the action." *Diverco*, 4 Cal.App.3d at 12–13, 85 Cal.Rptr. 851.

## ABUSE OF DISCRETION

The denial of a continuance is not necessarily an abuse of discretion. The court in *Old Fashion Farms v. Hamrick*, 253 Cal. App.2d 233, 236, 61 Cal.Rptr. 254, 255–56 (1967) found no abuse of discretion in the trial court's denial of a continuance where the plaintiff stood little chance of success on the merits. Plaintiff made no effort to become reinstated between the date of suspension and the trial. During the trial, defendant introduced evidence of plaintiff corporation's suspension. The trial court denied plaintiff's motion for a continuance to remedy its suspension. The appellate court affirmed, holding that since the case lacked merit, the trial court did not abuse its discretion in denying the continuance. *Id.*

The present case is clearly distinguishable from *Hamrick*. First, Wawona, a suspended corporation, is the defendant, and had no choice but to defend the suit; in *Hamrick* the plaintiff obviously chose to institute the action. Second, Wawona stands a good chance of altering the court's disposition. Although the United States deposited $118,450 with the registry as an updated estimate of just compensation, the government offered evidence of a value of only $85,000 at trial.

■ While it is apparent that the purpose of § 23301 would have been served by the trial court's grant of Wawona's motion for a continuance, it is unclear whether this fact alone is sufficient to justify remanding this case to the trial court. The denial of a continuance is within the broad discretion of the trial court, *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed. 921 (1964), and will not be overturned unless arbitrary or unreasonable. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.1985). Whether the district court abused its discretion depends on the facts of each case. *Ungar*, 376 U.S. at 589, 84 S.Ct. at 849; *Ruiz v. Hamburg-American Line*, 478 F.2d 29, 31 (9th Cir.1973) (quoting *States Steamship Co. v. Philippine Airlines*, 426 F.2d 803, 804 (9th Cir.1970) ).

## RELEVANT FACTORS

■ Recently, we had the opportunity to set forth "four salient factors" utilized for reviewing denials of requested continuances under the abuse of discretion standard.

First, we consider the extent of appellant's diligence in his [or her] efforts to ready his [or her] defense prior to the date set for hearing. Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

*Flynt*, 756 F.2d at 1359 (citations omitted). No one factor is dispositive; rather we evaluate and weigh each in order to determine whether the denial was arbitrary or unreasonable. Absent a showing of prejudice suffered by the appellant, however, this Court will not disturb the ruling below. *Id.* Accordingly, each factor will be discussed in turn.

### Diligence

Counsel for Wawona appeared in court prepared to begin trial when the government confronted him with an order to show cause why defendant should not be barred from presenting evidence at trial. The court found that the State of California suspended defendant's corporate powers on April 1, 1970 for its failure to pay taxes from 1969–1970, some fourteen years prior to trial and seven years prior to the filing of the condemnation action.

Counsel for appellant claims he knew nothing about the corporate suspension before March 13, 1984. We are puzzled by his deposition statement that he was not seeking relief from the judgment "on the grounds that on [the first day of trial] that was the first day we had any inkling that the corporation may not have paid taxes." We further note that the lower court found that "Wawona Village did not contend that it had made any prior effort to remove the suspension ... and did not undertake to file the delinquent franchise tax returns for the years 1969–1970 or to pay the delinquent tax obligations for each of those years."

Thus, the scant record on this point provides less than persuasive evidence as to Wawona's diligence. We find that Wawona knew or should have known of its unpaid taxes, and the resulting consequence of corporate suspension.

### Usefulness

Immediately after Wawona received notice of the corporate suspension, it secured a conditional corporate revivor. Within two weeks after the trial began, Wawona received a complete corporate revivor. A short continuance for the limited purpose of paying deliquent corporate taxes which would have reinstated Wawona's corporate privileges would have been extremely useful.

### Inconvenience

We assume that a continuance would inconvenience the court, the government and any witnesses, although the record is silent on this point. We do notice, however, that after the government called its first witness, it asked for and received a short continuance in order to accommodate another government witness.

### Prejudice

It is clear that defendant was severely prejudiced by the court's refusal to continue the trial. Although the government deposited $118,450 as its estimate of value of the land, the court ultimately awarded only $85,000 as just compensation. Section 23301, as applied, precluded Wawona from presenting any evidence concerning the value of the property.

■ In sum, we recognize the frustration of the government and the district court caused by Wawona's continuous failure to cooperate during the pendency of this lawsuit and in no way approve of Wawona's delinquent actions. Nevertheless, based upon our interpretation of the relevant California law, we find that a district

court does possess the discretion to grant a continuance in order to allow a suspended corporation to secure reinstatement. Further, pursuant to the *"Flynt* factors," we find that the district judge acted in an arbitrary and unreasonable manner, and thus abused his discretion in failing to grant the continuance. Therefore, the judgment is reversed and the case is remanded for retrial, with appellant restored to the status of a revived corporation competent to present a defense.

### ADDITIONAL ISSUES

Appellant raised three additional issues, two of which we decline to rule upon. First, review of the denial of a new trial and of relief from judgment is unnecessary because our decision to reverse and remand the judgment accomplishes the same result. Second, appellant contends that a violation of due process rights occurred when the trial court denied it the opportunity to present evidence of the value of its property. It is well-settled that a court should not decide a case on constitutional grounds when the case may be resolved on other grounds. *Gutierrez v. I.N.S.,* 745 F.2d 548, 550 (9th Cir.1984). In light of our finding that the district court acted in an arbitrary and unreasonable manner in denying the continuance, we need not rule on the due process issue.

■■■ Finally, appellant requests payment of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982). A landowner in a condemnation proceeding can be a prevailing party for purposes of an award of attorney's fees under this section. *United States v. 101.80 Acres of Land,* 716 F.2d 714 (9th Cir.1983). However, an award of attorney's fees would be premature at this time because appellant will not prevail unless the just compensation award on retrial substantially exceeds the amount originally deposited by the government. *Id.* at 723. This conclusion is supported by the 1985 Amendments to the Equal Access to Justice Act which expressly state that the "prevailing party" in an eminent domain

proceeding is the one whose testimony in court is closest to the award of just compensation. Pub.L. No. 99–80, § 2(c)(H), 99 Stat. 183, 185 (codified at 28 U.S.C.A. § 2412(d)(2)(H) (1985)).

We have remanded for a new trial, but the merits of appellant's claims have not yet been determined. Thus appellant is not a prevailing party within the meaning of the Equal Access to Justice Act. *See Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980); *Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 883 (3d Cir.1984); *Austin v. Department of Commerce,* 742 F.2d 1417, 1421 (Fed.Cir.1984). Accordingly, appellant's request for attorney's fees is denied.

**REVERSED and REMANDED.**