953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
2.5 ACRES OF LAND, SAN BERNARDINO, CALIFORNIA, Defendant,
and
Donald Harry Mills, Defendant-Appellant.
 No. 90-55454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1992.*
Decided Jan. 29, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States brought an eminent domain action to acquire 2.5 acres of land owned by Donald H. Mills. Mills claimed his land was part of an airpark, and later claimed his land was itself an airport. The district court rejected both of these claims in a partial summary judgment for the government, and excluded from evidence any material tending to substantiate the claims. The jury awarded Mills $70,000 as just compensation for the taking. Mills appeals. We affirm.
 
 
 3
 * Mills appeals the district court's grant of partial summary judgment for the government. We review de novo a grant of summary judgment. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). We view the evidence in the light most favorable to the nonmoving party, and inquire whether there exist genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 4
 The district court ruled: (1) Mills had no valid easement to the Valley View Airport; (2) Mills' land was not an airport; (3) Mills did not deserve compensation for losses to his business, DCH Aviation. The partial summary judgment excluded from the calculation of "just compensation," 40 U.S.C. § 258a (1988), the value of the alleged easement to Valley View Airport, Mills' own alleged airport, and Mills' business. We affirm the district court.
 
 
 5
 The district court had the power to enter partial summary judgment in this case. Under Fed.R.Civ.P. 71A(h), even in a case tried to a jury, the district court may rule on " 'all issues' other than the precise issue of the amount of compensation to be awarded." United States v. Reynolds, 397 U.S. 14, 20 (1970) (quoting Fed.R.Civ.P. 71A).
 
 
 6
 While "the meaning of 'property' as used ... in the Fifth Amendment is a federal question, it will normally obtain its content by reference to local law." United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, 279 (1943). Under California law, Mills did not have a valid easement to taxi an airplane to the Valley View Airport.
 
 
 7
 Mills' alleged easement involved the use of public roads. Valley View Airport was across Olema Street from Mills' property. Olema Road and the other roads surrounding Mills' property are public roads under California law. They were offered for dedication to the County of San Bernardino in 1972. The offer was recorded. Such an offer is not revokable. Cal.Gov't Code § 7050 (West 1980). The roads are reflected on an approved subdivision map. In these circumstances, the fact that the county does not maintain the roads is unimportant. See 47 Op.Cal.Att'y Gen. 191 (1966) (California Vehicle Code applies in these circumstances); cf. Matthews v. County of San Bernardino, 233 Cal.App.3d 1623, 1633 (1991) ("County is not entitled to absolute immunity as a matter of law merely because the road in question was not officially accepted into the county road system"). Indeed, Mills himself implicitly acknowledges Olema Street is public in his requests to the county to vacate the street.
 
 
 8
 "The landing, takeoff, or taxiing of an aircraft on a public freeway, highway, road, or street is unlawful...." Cal.Pub.Util.Code § 21403 (West 1965). The only exceptions to this rule are in cases of forced landings or landings during "natural disaster[s] or other public emergenc[ies]...." Id.
 
 
 9
 Mills did not have a valid easement to taxi an aircraft from his property to the runway at Valley View Airport. Accordingly, we affirm the district court on this issue. Cf. Scott Lumber Co. v. United States, 390 F.2d 388, 395 (9th Cir.1968) (" 'the availability of land for a use which is prohibited by law cannot be considered in determining its value in eminent domain proceedings' " (citation omitted)).
 
 
 10
 Mills also claims that his property was itself an airport, the Windy Acres Airpatch. He claims the runway for this airport was Olema Street. By the analysis above, that claim is untenable: a public road cannot be used as a runway. Cal.Pub.Util.Code § 21403. Both the Navy and the County of San Bernardino refused to allow Mills to use Olema Street as a runway. We affirm the district court on this issue.
 
 
 11
 Finally, Mills argues the district court erred when it ruled his business, DCH Aviation, an airplane repair/restoration service, was not part of the "highest and best" use of the land for the eminent domain proceeding. He claims he deserves consequential damages for the destruction of his business due to the taking of the land on which it was situated. The Supreme Court has considered and rejected a similar argument.
 
 
 12
 The special value of land due to its adaptability for use in a particular business is an element which the owner of the land is entitled, under the Fifth Amendment, to have considered in determining the amount to be paid as the just compensation upon a taking by eminent domain.... The settled rules of law, however, preclude[ ] ... [the consideration] in that determination [of] consequential damages for losses to [a] business, or for its destruction.
 
 
 13
 Mitchell v. United States, 267 U.S. 341, 344-45 (1925); see United States v. 87.30 Acres of Land, 430 F.2d 1130, 1132 (9th Cir.1970). We affirm the district court on this issue.
 
 II
 
 14
 The district court excluded as irrelevant materials offered by Mills on the first day of trial. Mills appeals this evidentiary ruling. We review for abuse of discretion the district court's exclusion of evidence. See Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1177 (9th Cir.1989). There was no abuse of discretion.
 
 III
 
 15
 During the course of the litigation, the district court granted Mills numerous continuances. However, eight months before trial the court informed Mills that it would not grant any more continuances. The court later denied some of Mills' requests for continuances of the trial. Mills appeals these denials. We review for abuse of discretion the district court's denial of a request for a continuance. Cf. United States v. 2.61 Acres of Land, 791 F.2d 666, 671-72 (9th Cir.1985) (per curiam). We affirm the district court's decisions as within its discretion.
 
 IV
 
 16
 Mills challenges the jury's award. We uphold the verdict if it is supported by substantial evidence. Landes Constr. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1370-71 (9th Cir.1987). The government's expert witness testified Mills' property was worth $70,000. He based that valuation on comparisons to nearby properties. Mills did not present to the jury any estimate of the value of his property. The jury's verdict was " 'within the range of expert testimony,' " Winston v. United States, 342 F.2d 715, 720 (9th Cir.1965) (citation omitted), and so was supported by substantial evidence. We uphold the verdict.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3