Rita G. **Desince**
and Elphidia G. Quintanilla,
Plaintiff/Appellees,
v.
Henry M. **Sablan**,
Defendant/Appellant.
Appeal No. 97-005
Civil Case No. 96-0428
October 27, 1997

Argued and Submitted September 30, 1997

Counsel for Appellant: Antonio M. Atalig and Reynaldo O. Yana, Saipan.

Counsel for Appellees: Richard W. Pierce, Saipan. (White, Pierce, Mailman & Nutting)

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ, Justice, and WISEMAN, Special Judge.

TAYLOR, Chief Justice:

¶1 █ Appellant, Henry M. Sablan ("Sablan"), appeals the Superior Court's judgment dated January 14, 1997, following a bench trial verdict finding Sablan in breach of a lease agreement with appellees Rita G. Desince ("Desince") and Elphidia G. Quintanilla ("Quintanilla"). We have jurisdiction pursuant to 1 CMC § 3102(a). We affirm.

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶2 The issues before us are:

I. Whether the Superior Court abused its discretion by not allowing a continuance for the purpose of allowing Sablan to have an attorney present to represent him during trial; and

II. Whether the Superior Court erred in not considering Sablan's defense of modification of contract.

¶3 █ We review for an abuse of discretion the Superior Court's decision to grant or deny a continuance. *Commonwealth v. Cristobal*, 4 N.M.I. 345, 346 (1996); *Commonwealth v. Delos Reyes*, 4 N.M.I. 340, 341 (1996) (citations omitted). The issue of whether the parties manifested an intent to modify the contract by offer and acceptance is an issue of fact, which finding will not be disturbed on appeal unless clearly erroneous. *Rosario v. Quan*, 3 N.M.I. 269, 276-77 (1992).

## FACTS AND PROCEDURAL BACKGROUND

¶4 This case involves a dispute over a lease agreement between Desince and Quintanilla ("the owners"), and Sablan. The parties were once neighbors in Chalan Kanoa District One. Desince and Quintanilla are natural-born sisters and they jointly own Lot No. 007 H16 ("the property") in fee simple. The property is located immediately east of Sablan's land. Before 1990, a wooden/tin house stood on the northernmost portion of the property ("existing house").

¶5 On August 31, 1990, Desince, Quintanilla and Sablan executed a one-page lease agreement (the "1990 agreement") wherein the owners gave Sablan a twenty-five year lease on the southern portion of the property under the following conditions: (1) Sablan spend $2,500 on remodeling the existing house; (2) Sablan pay the owners

$1,500 (rent for April 30, 1990, through April 30, 1991); (3) Sablan build a two-bedroom concrete house (16 feet by 24 feet) on the northern portion of the property on or before April 30, 1992; and (4) all improvements (rental housing units that Sablan builds on the southernmost portion of the property) are to belong to the owners at the expiration of the twenty-five year lease.

¶6 On April 16, 1996, the owners filed a complaint for termination of the 1990 agreement against Sablan before the Superior Court. The matter came to a trial on the merits on November 12, 1996, whereby the Superior Court found in favor of the plaintiffs, terminating the 1990 agreement, forfeiting all improvements on the property as full compensation for Sablan's breach of contract and waste, and ordered Sablan to vacate the premises within thirty days.[1] Sablan timely appealed.

## ANALYSIS

*I. Did the Trial Court Abuse its Discretion in Denying Sablan's Request for a Continuance?*

¶7 █ This Court has previously adopted a four-part test to determine whether the Superior Court abused its discretion by not allowing a continuance. These four factors include:

[t]he movant's diligence in his efforts to ready his defense prior to the date set for hearing; [t]he likelihood that the need for a continuance could have been met if the continuance had been granted; [t]he extent [to which] a continuance would have inconvenienced the court and opposing party; and [t]he extent [to which] the movant might have suffered harm as a result of the denial.

*Hwang Jae Corp. v. Marianas Trading & Dev. Corp.*, 4 N.M.I. 142, 146 (1994) (citations omitted).

¶8 Accordingly, we must examine the factors of this case in relation to the four factors. When the factors are to be weighed, no one factor is dispositive in affirming the Superior Court's decision. However, in order for us to reverse the lower court, Sablan must be able to show that he was prejudiced by the denial of a continuance. *Id.* In considering and weighing these factors addressed more fully below, we conclude that the Superior Court did not abuse its discretion when it denied Sablan's request for a continuance.

*A. Diligence in Preparing a Defense*

---

[1] *Desince v. Sablan*, Civil Case No. 96-0428 (N.M.I. Super. Ct. Jan. 17, 1997) (Decision and Order at 6) ("Decision and Order").

¶9 Sablan contends that although he acted pro se throughout the proceedings prior to trial, he realized on the day of trial that he needed counsel to help him in his case. He asked the court for a continuance because he needed an attorney to represent him. The court therefore should have continued the trial so that Sablan would have had an attorney at law present to represent him. We disagree.

¶10 Sablan did not request a continuance in order to retain an attorney. The relevant texts in the trial transcript are written in Chamorro as Sablan and the judge were conversing in the Chamorro language. As Chamorro is an official language, no translator was required. After reviewing the record, it appears that Sablan asked for a continuance so that he could talk the matter over further with one of the plaintiffs. When asked if he had counsel, he mentioned that he wanted to consult the "advice" of his brother-in-law Richard Hofschneider who was a recent law school graduate and an un-licensed attorney.[2] Even though he was relying on Hofschneider, it is clear that Hofschneider would have advised him to seek a licensed attorney. If Sablan had told the court that he wanted to retain an attorney, however, the court could have questioned him about his efforts to date. Here, Sablan did not act diligently to retain counsel. Instead, he chose to represent himself and *not* to hire counsel. Appellees filed their complaint on April 16, 1996. Sablan drafted an answer, a counterclaim, and submitted proposed findings of facts and conclusions of law in pro se. Sablan knew about the pendency of this action for at least seven months, during which time, he did not obtain an attorney. Accordingly, Sablan was not diligent in his efforts to secure counsel prior to the eve of trial.

### B. Would Continuance Have Met Need?

¶11 Even if the continuance had been granted, it is not clear that its purported need would have been met. At trial, Sablan asked for a continuance in order to further negotiate with one of the plaintiffs, and not to employ an attorney. The parties had approximately seven months from the date the complaint was filed to the date of trial to negotiate a settlement. Further, they were once neighbors and had drafted their original lease agreement in 1990, six years prior. Apparently, their relationship deteriorated to the point that judicial intervention was sought. Whether a continuance would have helped solved their dispute is questionable. It is apparent from Sablan's previous statements, "Sablan was very aware of the GOLDEN RULE: He who has the gold, gets to rule!"[3] that further negotiations would have been futile. The appellees were deprived the use of their land for over six years. We do not see how a continuance would have helped amend the parties' relationship.

### C. Inconvenience to the Court and to Appellees

¶12 Had the continuance been granted, it would have lightly inconvenienced the Superior Court by having to reschedule the trial for another available date.[4] But more importantly, it would inconvenience the appellees who resided outside the Commonwealth at the time of trial. Only Quintanilla testified at trial as her sister, Desince, was in the State of Virginia, in the United States of America. Quintanilla, who was residing on Guam, told the court that she would not be able to continue the date of trial for a week because she did not have the time and she was working.[5] Quintanilla was ready to proceed with her case and would have to reschedule her personal affairs had a continuance been granted.

### D. Harm or Prejudice to Sablan if Continuance is Denied

¶13 It does not appear from the record that Sablan suffered harm or prejudice which would warrant reversal. "Where a party's own lack of diligence causes the prejudice of which the party complains, the denial of a requested continuance is not an abuse of discretion."[6] Although this Court has previously stated that forcing an unrepresented party to defend his case against a represented party is like "forcing a man to fight a duel without a weapon",[7] there has been no evidence that Sablan was forced or coerced to represent himself. In fact, the record is clear that Sablan chose to represent himself during all stages of this case. Any prejudice would have resulted from Sablan's lack of diligence in seeking counsel.

---

[2] Appellant's Excerpts of Record 9, Transcript of Records at 1-7 ("ER"). The proceedings were transcribed by Maryann D. Calvo, Lawyers' Services. 3rd Floor, Nauru Building, P.O. Box 1902, Saipan, MP 96950.

[3] ER 4 at 6, Proposed Findings of Fact and Conclusions of Laws, submitted by Henry M. Sablan, representing himself.

[4] *Hwang Jae Corp*, 4 N.M.I. at 148, citing *United States v. 2.61 Acres of Land, More or Less*, 791 F.2d 666, 671 (9th Cir. 1985) (court assumes continuance would inconvenience trial court).

[5] ER 9 at 5.

[6] *Hwang Jae Corp*, 4 N.M.I. at 148, citing *Guerrero v. Guerrero*, 2 N.M.I. 61, 77 (1991).

[7] *Commonwealth v. Bordallo*, 1 N.M.I. 208, 219 (1990).

## II. The Court's Findings With Respect to the Alleged Contract Modification Were Not Clearly Erroneous.

¶14  In the 1990 agreement, appellees gave Sablan a twenty-five year lease on the southern portion of the property with various conditions. At trial, Sablan argued that he had offered to modify the written contract and that the appellees had verbally accepted his offer. The modification included one year's rent free for Quintanilla (equivalent to $6,000.00 for one year's rent), in exchange for a six-year extension for Sablan to build the two bedroom concrete house as required by the original lease.

¶15  ■ However, the court did not find Sablan's testimony credible and rejected the modified contract theory. The trial court did not find that Sablan had offered to substitute one performance for another or to modify the contract. Instead, the court found that when Sablan provided an apartment to Quintanilla, Sablan acknowledged that he "never discussed the payment of rent with her nor requested it" from her.[8] The court then went on to find Sablan in material breach of the original lease since he: failed to pay the first sum of $1,500.00 due in 1992; failed to complete the concrete house as required by April 30, 1992; and failed to remodel the existing wooden house on the northern half of the property and instead, converted it to his own use before destroying it.[9] The court's findings are amply supported by the evidence presented at trial and are not clearly erroneous.

### CONCLUSION

¶16  For the foregoing reasons, we hereby **AFFIRM** the decision of the Superior Court.

---

[8]  Decision and Order at 3.

[9]  *Id.* at 4.