Ann VOGEL, Plaintiff–Appellant,

v.

WAL–MART, INC., a foreign corporation; John Does, I–X; Jane Does, I–X; XYZ Corporations, I–X, Defendants–Appellees.

No. 00–15319.

D.C. No. CV–97–02228–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2001.*

Decided Nov. 2, 2001.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Before RONEY,** HUG and THOMAS, Circuit Judges.

## MEMORANDUM ***

Ann Vogel appeals the district court's order granting summary judgment in favor of Wal–Mart Stores, Inc. ("Wal–Mart"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

The district court properly granted Wal–Mart's motion for summary judgment because Vogel did not meet her preliminary evidentiary burden for establishing a retaliatory employment discrimination claim. She must show that (1) she engaged in an activity protected under Title VII; (2) her employer subjected her to an adverse employment action; and (3) there was a causal link between the protected activity and the employer's action. *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1464 (9th Cir.1994). Vogel tenders sufficient evidence to satisfy her burden on the first two elements because she had filed a workers' compensation claim and was later terminated from her employment with Wal–Mart. *See* Ariz.Rev.Stat. § 23–15013(c)(iii) (retaliation claim exists if employer terminated employment "in retaliation for the exercise of rights under the worker's compensation statutes").

However, Vogel did not satisfy her evidentiary burden as to the third element because she did not raise a genuine issue for trial about the causal link between her termination and the workers' compensation claim. Vogel admitted in deposition that the manager who gave her adverse reviews and eventually terminated her did not know about her workers' compensation claim. In the face of this evidence, she cannot rely on temporal proximity between the claim and the adverse employment action alone to defeat summary judgment. *See Cohen v. Fred Meyer,* 686 F.2d 793, 796 (9th Cir.1982). Vogel's only other evidence relating to causation is the alleged statement of a manager. She claims the manager "reminded her that management knew that she had filed the claim" on her last day of work with Wal–Mart, yet admitted in deposition that no managers had ever commented on the claim. These unsupported allegations are not sufficient to defeat a summary judgment motion. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citing *Angel v. Seattle–First National Bank,* 653 F.2d 1293, 1299 (9th Cir. 1981)). Vogel has not provided evidence

---

** The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that could lead a rational trier of fact to find in her favor; therefore she has created no genuine issue for trial and the district court properly granted Wal–Mart's summary judgment motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II

Although the district court may have erred in this case by imposing an unreasonable condition on Vogel's *pro se* request for a continuance, any such error was harmless because Vogel did not establish that the decision prejudiced her case. *See United States v. 2.61 Acres of Land,* 791 F.2d 666, 671 (9th Cir.1985). Vogel has the burden of showing that material facts precluding summary judgment would have been discovered if the continuance had been granted, but offered no additional information to support her retaliation claim. *See Klingele v. Eikenberry,* 849 F.2d 409, 412 (9th Cir.1988); *United States v. Hernandez,* 608 F.2d 741, 746 (9th Cir. 1979). Therefore, any error in denying the continuance was harmless.

**AFFIRMED.**

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.