**Roberto J. DEL ROSARIO,**
**Plaintiff—Appellant,**

v.

**JAPAN AIRLINES INTERNATIONAL CO. LTD., Defendant—Appellee.**

No. 06–16573.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Howard Trapp, Esq., Hagatna, GU, for Plaintiff-Appellant.

* The parties consented in writing to proceed before a magistrate judge.

David Ledger, Esq., Carlsmith Ball Wichman Murray Case & Ichiki, Hagatna, GU, for Defendant–Appellee.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM ***

Roberto J. Del Rosario appeals from the district court's order enforcing a settlement agreement in his diversity tort action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review enforcement of a settlement agreement for an abuse of discretion, *Adams v. Johns–Manville Corp.*, 876 F.2d 702, 704 (9th Cir.1989), and we affirm.

Contrary to Del Rosario's contention, the magistrate judge did not abuse his discretion by enforcing the oral settlement agreement. Even if Del Rosario raised the issue to the magistrate judge that the parties intended to be bound only by a written agreement, Del Rosario proffered no evidence of that intent to the court. *See Adams*, 876 F.2d at 706 (holding that district court did not abuse its discretion by enforcing an oral settlement where evidence showed one party failed to communicate its alleged intent not to be bound). Further, the magistrate judge did not abuse his discretion by denying Del Rosario's motion for a 60–day continuance to hire new counsel. *United States v. 2.61 Acres of Land*, 791 F.2d 666, 671 (9th Cir.1985) ("The denial of a continuance is

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

within the broad discretion of the trial court, and will not be overturned unless arbitrary or unreasonable.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.