
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD SKINNER, | No. 17-56060 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:16-cv-03136-PSG-FFM |
| LOUISVILLE LADDER, INC., DBA<br>Davidson Ladders, Inc. and DOES, 1-50,<br>inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 5, 2018
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,** District
Judge.

Richard Skinner appeals the district court's order dismissing this case for

lack of standing.  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable George Caram Steeh III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Because the district court considered matters outside the pleadings in granting Louisville Ladder, Inc.'s motion to dismiss, the motion is treated as one for summary judgment. *See Mayer v. Wedgewood Neighborhood Coal.*, 707 F.2d 1020, 1021–22 (9th Cir. 1983) (per curiam); *see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 921–22 (9th Cir. 2004). The district court did not err in failing to adhere to formal notice requirements, *see* Fed. R. Civ. P. 56, because Skinner was fairly apprised that the district court would consider materials beyond the pleadings, as evidenced by his inclusion of such extraneous materials in his opposition to that motion, *see Olsen*, 363 F.3d at 922, and was also given an adequate opportunity to respond and to supplement the record (and did so with affidavits and evidence, all without disputing his lack of standing), *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

The district court did not err in granting Louisville's motion because there was no genuine issue of material fact that Skinner lacked prudential standing to pursue his claims. Because Skinner's bankruptcy filing transferred the claims asserted here to his bankruptcy estate and Skinner failed to disclose the claims on the relevant bankruptcy schedules, they "continue[] to belong to the bankruptcy estate and did not revert to" Skinner at the closing of his bankruptcy case. *See Cusano v. Klein*, 264 F.3d 936, 945–46 (9th Cir. 2001); *see also* 11 U.S.C.

2

§ 541(a). Given that the trustee of the bankruptcy estate did not abandon these claims, and in fact pursued a settlement of them with Louisville, the estate remained the real party in interest. *See Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004).

The district court did not abuse its discretion in denying Skinner's motion for a continuance given that Skinner was not diligent, had an opportunity to respond to Louisville's motion, and failed to indicate he could have cured his standing deficiency in light of the bankruptcy trustee's expressed intent not to abandon the claims. *See United States v. 2.61 Acres of Land*, 791 F.2d 666, 671–72 (9th Cir. 1985) (per curiam).[1]

**AFFIRMED**.

---

[1] Because we decide on these grounds, we do not consider whether Skinner should be judicially estopped from bringing these claims under *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267 (9th Cir. 2013).