NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ETHAN MARGALITH, an individual; LISA MARGALITH, an individual,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>JPMORGAN CHASE BANK, N.A.; MTC FINANCIAL, INC., DBA Trustee Corps; WEST H&A, LLC; WARRANTED EFFECTUATION OF SUBSTITUTE TRANSFEREE, INC., DBA W.E.S.T, Inc.; MICHAEL C. JACKSON; PATRICK SORIA, an individual,<br><br>    Defendants-Appellees,<br><br> v.<br><br>CREST PROMONTORY COMMON AREA ASSOCIATION; MOUNTAINGATE OPEN SPACE MAINTENANCE ASSOCIATION; EMACIATION CAPITAL, LLC; UNITED STATES INTERNAL REVENUE SERVICE; MOUNTAINS RECREATIONS AND CONSERVATION AUTHORITY; EXPRESS WORKING CAPITAL, LLC; ASSURED LENDERS SERVICES, INC.; ROES, 51 through 70, inclusive, | No. 22-55106<br><br>D.C. No.<br>2:20-cv-03781-RGK-PJW<br><br>MEMORANDUM[*] |

   \*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cross-defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 16, 2024[**]

Before: D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges:

Ethan and Lisa Margalith, proceeding pro se, appeal the district court's order granting summary judgment to JPMorgan Chase Bank, N.A. (Chase) on its judicial foreclosure and deficiency judgment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685 (9th Cir. 2017), *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004), and we affirm.

The district court properly exercised jurisdiction over Chase's cross-complaint, which the United States removed to federal district court because Chase sought to foreclose on real property on which the Internal Revenue Service claimed a lien. 28 U.S.C. §§ 1444, 2410; *see also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1131–32 (9th Cir. 2011).

The district court properly granted summary judgment on Chase's judicial

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

foreclosure and deficiency judgment claims because the Margaliths failed to raise a triable issue of fact as to whether their loan was not in default, or about the amount of the default. *See Coker v. JPMorgan Chase Bank, N.A.*, 364 P.3d 176, 178 (Cal. 2016) (explaining that, in a judicial foreclosure action, "the lender must prove that 'the subject loan is in default and the amount of default.'") (quoting *Arabia v. BAC Home Loans Servicing, L.P.*, 208 Cal. App. 4th 462, 470 (2012)).

The district court did not abuse its discretion in advancing the summary judgment hearing date because it enjoys wide discretion over its own calendar. And the Margaliths have failed to establish that they were prejudiced by the district court's decision to advance the hearing date. Indeed, the court extended the deadline for the Margaliths to oppose Chase's motion, and the Margaliths' attorney filed an opposition. *See United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.*, 791 F.2d 666, 670–71 (9th Cir. 1985) (noting that we consider four factors, including prejudice, to determine if district court abused its discretion in denying a trial continuance, and that "[a]bsent a showing of prejudice suffered by the appellant . . . this Court will not disturb the ruling below.").

The district court did not abuse its discretion in declining to continue the hearing to allow additional discovery because the Margaliths failed to establish that they were entitled to a continuance under Federal Rule of Civil Procedure 56.

*Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.* 525 F.3d 822, 827 (9th Cir. 2008) (explaining that a party seeking a continuance under Rule 56 must provide an affidavit containing the specific facts they hoped to elicit from further discovery and how the sought-after facts would allow them to defeat summary judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments made for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Margaliths' motion to file a substitute reply brief (Docket Entry No. 40) is granted.

**AFFIRMED.**